UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

ORQUIDEA LOPEZ,

      Plaintiff,

vs.

COMPASS GROUP USA, INC.,
A Foreign Profit Corporation,

      Defendant.

_____/

## **COMPLAINT**

COMES NOW, ORQUIEDEA LOPEZ, (hereinafter "Plaintiff") by and through her undersigned attorney hereby sues Defendant COMPASS GROUP USA, INC., a Foreign Profit Corporation (hereinafter, "Defendant"), and states:

## **JURISDICTION AND VENUE**

1. This is an action for damages and other relief based on unlawful employment practices committed by Defendant and jurisdiction of this Court is invoked pursuant to the provisions of Title VII of the Civil Rights Act of 1964, § 706(f) (42 U.S.C. § 2000e-5(f)), and the Florida Civil Rights Act ("FCRA"), (§§ 760.01-760.11).

2. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 1331, 1343.

3. The claims asserted in this Complaint arose in the Southern District of Florida during the course of Plaintiff's employment with Defendant.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 since Plaintiff was employed by Defendant in Miami, Florida.

**PARTIES**

5.  Plaintiff was at all times relevant to this action, resided within the Southern District of Florida.
    Plaintiff is over the age of eighteen and otherwise *sui juris.*

6.  Plaintiff is a White Hispanic individual from Cuba. and is a member of a class protected under
    Title VII and the FCRA because the terms, conditions, and privileges of her employment were
    altered because of her race, national origin, and/or color.

7.  Further, Plaintiff was retaliated against for her complaints of discriminatory conduct on behalf
    of Defendant which places her within a class protected under Title VII and the FCRA.

8.  Defendant is a foreign corporation organized and existing in Delaware and authorized to do
    business in Florida. Defendant provides services such as building services, facility
    management, and food service procurement, for a variety of businesses in different sectors
    including hospitals. Plaintiff worked for Defendant in the Hialeah Hospital at 651 E 25th
    Street, Hialeah, Florida 33013.

9.  Defendant has, at all times material, employed 15 or more employees for each working day
    in each of twenty or more calendar weeks in the current or preceding year in accordance with
    Title VII and the FCRA (42 U.S.C. §2000e(b); Fla. Stat. §760.02(7)).

10. Plaintiff has met all conditions precedent to the maintenance of this action, including
    submitting a timely charge of discrimination ("Charge") against the Defendant to the Equal
    Opportunity Employment Commission ("EEOC").

11. Plaintiff's Charge was filed on or about August 7, 2020. The actions complained of herein
    occurred within 300 days thereof and/or continued from that date stemming from the same
    actions set forth in the Charge.

12. Plaintiff was terminated from her position on or about July 10, 2020. Her Charge was therefore timely filed.

13. Plaintiff was issued a Notice of Right to Sue on July 20, 2021. This suit is filed in accordance with that Notice and within the applicable 90-day time limitation.

14. The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charge.

15. All other conditions precedent to this action have been performed or have been waived.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

16. Plaintiff, a White Hispanic individual from Cuba was employed by the Defendant from 1999 to July 10, 2020. At all relevant times, Plaintiff held a position as a Lead Housekeeper.

17. Based on Plaintiff's tenure with the company, positive performance and positive work history through her employment, Plaintiff was fully qualified for her position at the time all discriminatory events complained herein occurred.

18. In May 2020, Mr. Terriel Hebbert (Black, Jamaican) (hereinafter, "Hebbert") became the Plaintiff's new supervisor.

19. From the outset, Hebbert treated Plaintiff differently than similarly situated Black employees in virtually all respects of the work environment.

20. He would speak to Plaintiff in a condescending and demeaning manner and ridiculed her because although she was proficient in English, it was not Plaintiff's native language.

21. Plaintiff also saw that Hebbert was hiring workers, but those employees, upon information and belief, were Black. Despite the new hires, Plaintiff was assigned a heavier workload including duties outside of her job description. Hebbert would also micromanage her work in an effort to find cause to discipline her.

22. On or about July 5th, 2020, Plaintiff complained to the Regional Manager, Edgar Lendrborg (Hispanic, Dominican) about the discriminatory treatment she was being subjected to by Hebbert.

23. Specifically, Plaintiff complained how Hebbert would give Plaintiff work that was outside of her duties, was demeaning and disrespectful and overworked her to the point Plaintiff was not able to take breaks while black employees similarly situated like Randy Howard (Black, American) were given better treatment and job opportunities.

24. On or about July 6th, 2020, a day after her complaint to Lendrborg, Hebbert called Plaintiff into his office to present her with a 30-day Performance Improvement Plan (hereinafter "PIP") due to alleged poor performance. Hebbert told Plaintiff there were complaints made about Plaintiff and her communication but did not provide additional information.

25. During the meeting, Hebbert cautioned Plaintiff that if things did not change within 30 days, she would be required to work on weekends and her position would be given to someone else.

26. After their meeting, Plaintiff made a complaint to Defendant's Human Resources (HR) department in writing and through verbal communication regarding Hebbert's disparate treatment towards her and retaliatory conduct.

27. Specifically, Plaintiff complained regarding the unfair workload assigned to her, and that after she complained to Lendonberg regarding the disparate treatment, Hebbert issued a meritless PIP to terminate her.

28. On or about July 10, 2020, a couple of days after Plaintiff's complaint to HR, the Plaintiff was contacted by HR and advised Plaintiff that Hialeah Hospital, their customer did not want her there and therefore she was being terminated.

4

29. Plaintiff inquired as to the nature of the alleged complaint so that he could offer her side of the story. However, no further information was provided, and Plaintiff was summarily terminated.

30. Defendant acted with intentional disregard for Plaintiff's rights under Title VII, and the FCRA.

31. At all times relevant, Plaintiff was qualified for her position with Defendant in that she worked for the Defendant for twenty-one (21) years without disciplinary action.

32. Defendant's stated reason for termination—a complaint from their client—is without merit and is pretextual.

33. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's race, color national origin, and/or complaints of discrimination, were motivating factor(s) in the decision for the adverse employment action(s).

34. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

35. Plaintiff is entitled to her reasonable attorneys' fees and costs if she is the prevailing party in this action.

## COUNT I
## VIOLATION OF THE CIVIL RIGHTS ACT
## (DISCRIMINATION BASED ON RACE)

36. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-35 of this complaint as if set out in full herein.

37. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, §§706(a) and 706(g) for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Plaintiff was terminated on the basis of her race, Hispanic.

38. Plaintiff is a member of a protected class, to wit, Hispanic or Latina.

39. Defendant, by and through its supervisor, Hebbert did not treat Plaintiff the same as similarly situated Black employees in that Black employees were given better opportunities and not subjected to ridicule, additional work and/or unfair discipline.

40. At all times material hereto, the Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to: (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

41. Defendant did not provide Plaintiff with a reason for the disparate treatment and disciplinary actions. However, even if Defendant had a reason, Plaintiff's race was, at minimum, a motivating factor in its decision.

42. At all times material hereto, the employee exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

43. Specifically, Hebbert, as a supervisor at all material times, acted on behalf of Defendant and acted within the scope of his duties.

44. Defendant retained the employee(s) who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

45. The Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

46. The failure of the Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

47. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of her race in violation of Act with respect to its decision to treat Plaintiff different from other employees.

48. Plaintiff was not giving the same work opportunities, and was subjected to disparate treatment including but not limited to Plaintiff's termination from employment. These adverse employment action(s) was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of the fact that she is Hispanic, in violation of the Act.

49. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's race, was a motivating factor in the decision for the adverse employment action(s).

50. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

51. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

52. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with intentional disregard for her protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through their officers, and/or supervisors, authorized,

condoned, and/or ratified the unlawful conduct of Ms. Hebbert, and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff respectfully requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, §706(g);

B. The Court award punitive damages as permitted under the law;

C. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. The Court award Plaintiff such other and further relief as the Court deems appropriate.

<u>**COUNT II**</u>
**VIOLATION OF THE CIVIL RIGHTS ACT**
**(DISCRIMINATION BASED ON COLOR)**

53. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-35 of this complaint as if set out in full herein.

54. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, §§706(a) and 706(g) for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Plaintiff was terminated on the basis of her color.

55. Plaintiff is a member of a protected class because the terms and conditions of her employment were altered due to her skin color.

56. Defendant, by and through its supervisor, Hebbert, did not treat Plaintiff the same as similarly situated black employees.

57. Specifically, other similarly situated black employees were not given the additional tasks outside of their work description or subjected to ridicule and/or unfair discipline.

58. Defendant's supervisor Hebbert acted with intentional disregard for Plaintiff's rights under Title VII as a person based on the color of her skin.

59. At all times material hereto, the Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to:  (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

60. At the time of this treatment from employment, the Plaintiff did perform and excel at the performance of the essential functions assigned to her by Defendant.

61. The Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

62. The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

63. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of the color of her skin a violation of Act with respect to its decision to treat Plaintiff different from other employees.

64. Defendant's disparate treatment of Plaintiff including but not limited to Plaintiff's termination from employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of the fact that she was White, in violation of the Act.

65. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's skin color, was a motivating factor in the decision for the adverse employment action(s).

66. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

67. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

68. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with intentional disregard for her protected rights under Title VII of the Civil Rights Act of 1964.

69. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of  Hebbert and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff respectfully requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including appropriate back pay, benefits' adjustment, injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, §706(g);

B. The Court award punitive damages as permitted under the law;

C. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## <u>COUNT III</u>
### VIOLATION OF THE CIVIL RIGHTS ACT
### (DISCRIMINATION BASED ON NATIONAL ORIGIN)

70. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-35 of this complaint as if set out in full herein.

71. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, §§706(a) and 706(g) for damages caused by Defendant's unlawful employment practices committed against Plaintiff because she was subjected to disparate treatment and embarrassment on the basis of being a Spanish speaker.

72. Plaintiff is a member of a protected class because the terms and conditions of her employment were altered because she is a Spanish speaker.

73. Defendant, by and through Mr. Hebbert, did not treat Plaintiff the same as similarly situated non-Spanish speakers.

74. Defendant did not provide Plaintiff with a reason for the disparate treatment. However, even if Defendant had a reason, Plaintiff's national origin was, at minimum, a motivating factor in its decision.

75. As a supervisor Hebbert acted with intentional disregard for Plaintiff's rights as a Cuban person under Title VII.

76. Defendant's disparate treatment of Plaintiff including but not limited to Plaintiff's termination from employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of the fact that she was a Spanish speaker from Cuba, in violation of the Act.

77. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's national origin, was a motivating factor in the decision for the adverse employment action(s).

78. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

79. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with intentional disregard for her protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Hebbert and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, §706(g);

B. The Court award punitive damages as permitted under the law;

C. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

D. The Court award Plaintiff such other and further relief as the Court deems appropriate.

<u>**COUNT IV**</u>
**VIOLATION OF THE CIVIL RIGHTS ACT**
**(RETALIATION)**

80. Plaintiff incorporates herein the allegations contained in paragraphs 1–35, inclusive, as though same were fully re-written, and says:

81. Plaintiff complained to Defendant's Regional Manager, Lendrborg as set forth above, about the disparate treatment to which she was subjected by Hebbert, the preference he had towards Black employees in the department, and unfounded disciplinary actions.

82. The next day, Hebbert called Plaintiff to discipline and put her on a PIP.

83. On or about July 10, 2020, Plaintiff contacted HR to complain about the discriminatory and retaliatory treatment. Shortly thereafter Plaintiff was terminated.

84. As a direct result of Plaintiff's complaints of actions Plaintiff objectively perceived to be discriminatory in nature, Plaintiff was summarily disciplined, treated in a progressively worse manner, and ultimately terminated by Defendant.

85. Plaintiff's termination and prior disciplinary action constitute adverse employment actions under Title VII of the Civil Rights Act of 1964.

86. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Hebbert and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

87. Defendant's stated reason(s) for terminating Plaintiff is pretextual.

88. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's complaints of discrimination, were a motivating factor in the decision for the adverse employment action(s).

WHEREFORE, Plaintiff respectfully requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including appropriate back pay, benefits' adjustment, injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, §706(g);

B. The Court award punitive damages as permitted under the law;

C. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E.  The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT V
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
## (DISCRIMINATION BASED ON RACE)

89. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-35 of this complaint as if set out in full herein.

90. Plaintiff brings this action under the Florida Civil Rights Act ("FCRA"), §§ 760.01-760.11 for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Plaintiff was terminated on the basis of her race, Hispanic.

91. Plaintiff is a member of a protected class, to wit, Hispanic or Latina.

92. Defendant, by and through its supervisor, Hebbert did not treat Plaintiff the same as similarly situated Black employees in that Black employees were given better opportunities and not subjected to ridicule, additional work and/or unfair discipline.

93. Defendant, by and through Mr. Hebbert, by the conduct describe above, has engaged in discrimination against Plaintiff because of Plaintiff's race and subjected the Plaintiff to animosity based on her race.

94. Mr. Hebbert acted with intentional disregard for Plaintiff's rights as a person of Hispanic race under the FCRA.

95. Defendant did not provide Plaintiff with a reason for the disparate treatment and adverse employment actions described above. However, even if Defendant had a reason, Plaintiff's race was, at minimum, a motivating factor.

96. At all times material hereto, the employee exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's

employment with the Defendant.

97. Defendant retained the employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

98. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Florida Civil Rights Act §§ 760.01-760.11.

99. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with intentional disregard for her protected rights under the FCRA. Defendant, by and through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Hebbert and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including appropriate back pay, benefits' adjustment, injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Florida Civil Rights Act, §§ 760.01-760.11.

B. The Court award punitive damages as permitted under the law;

C. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

D. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

E.  The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT VI
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
## (DISCRIMINATION BASED ON COLOR)

100.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-35 of this complaint as if set out in full herein.

101.    Plaintiff brings this action under the Florida Civil Rights Act ("FCRA"), Sections 760.01-760.11 for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Plaintiff was terminated on the basis of her skin Color, White.

102.    Plaintiff is a member of a protected class, to wit, White.

103.    Defendant, by and through its supervisor, Hebbert did not treat Plaintiff the same as similarly situated Black employees in that Black employees were given better opportunities and not subjected to ridicule, additional work and/or unfair discipline.

104.    Defendant's reason for the disparate treatment she was subjected to, if any was pretextual.

105.    Plaintiff's skin color was, at minimum, a motivating factor in its decision for the disparate treatment of Plaintiff.

106.    At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

107.    Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

108.    Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Florida Civil Rights Act §§ 760.01-760.11.

109.    Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with intentional disregard for her protected rights under the FCRA. Defendant, by and through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of  Hebbert and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff respectfully requests that:

   A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including appropriate back pay, benefits' adjustment, injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Florida Civil Rights Act, §§ 760.01-760.11.

   B. The Court award punitive damages as permitted under the law;

   C. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

   D. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

   E. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT VII
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
## (DISCRIMINATION BASED ON NATIONAL ORIGIN)

110.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-35 of this complaint as if set out in full herein.

111.    Plaintiff brings this action under the Florida Civil Rights Act ("FCRA"), §§ 760.01-760.11 for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Plaintiff was terminated on the basis of being a Spanish speaker from Cuba.

112.    Plaintiff is a member of a protected class, to wit, Cuban.

113.    Defendant, by and through its supervisors, by the conduct describe above, engaged in discrimination against Plaintiff because Plaintiff is a Spanish speaker and subjected the Plaintiff to animosity based on her national origin.

114.    Hebbert mistreated Plaintiff by systematically excluding her from within the work environment and/or consistently treating her in a disparaging manner. He assigned Plaintiff work outside of the scope of her position, striped her from any authority she had as a lead and subjected her to baseless disciplinary actions as her supervisor.

115.    Defendant's disparate treatment of Plaintiff including but not limited to Plaintiff's termination from employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of the fact that she is a Spanish speaker from Cuba, in violation of the Act.

116.    If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's national origin, was a motivating factor in the decision for the adverse employment action(s).

117.    Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Florida Civil Rights Act §§ 760.01-760.11.

118.    Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with intentional disregard for her protected rights under the FCRA. Defendant, by and through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Hebbert and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff requests that:

A.    The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Florida Civil Rights Act, §§ 760.01-760.11.

B.    The Court award punitive damages as permitted under the law;

C.    The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

D.    The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT VIII
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
## (RETALIATION)

119.    Plaintiff re-alleges and re-avers paragraphs 1-35 as though full set forth herein.

120.    Plaintiff brings this claim under the Florida Civil Rights Act, Florida Statutes § 760.01 *et seq.* for Defendant's retaliatory conduct.

121.     Plaintiff complained to Defendant's Regional Manager, Lendrborg as set forth above, about the disparate treatment to which she was subjected by Hebbert, the preference he had towards Black employees in the department, and unfounded disciplinary actions.

122.     The next day, Hebbert called Plaintiff to discipline and put her on a PIP.

123.     On or about July 10, 2020, Plaintiff contacted HR to complain about the discriminatory and retaliatory treatment. Shortly thereafter Plaintiff was terminated.

124.     As a direct result of Plaintiff's complaints of actions Plaintiff objectively perceived to be discriminatory in nature, Plaintiff was summarily disciplined, treated in a progressively worse manner, and ultimately terminated by Defendant.

125.     Plaintiff's complaints of disparate treatment as stated above, were protected activity under the FCRA.

126.     By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under the FCRA.

127.     As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

128.     The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

129.     Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of

Hebbert and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

130.    Defendant's alleged reason(s) not reinstating Plaintiff (if any) are pretextual as described above.

131.    If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's complaint(s) of discrimination, were a motivating factor in the decision for the adverse employment action(s).

WHEREFORE, Plaintiff respectfully requests judgment against Defendant as follows:

A.  The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including appropriate back pay, benefits' adjustment, injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Florida Civil Rights Act, §§ 760.01-760.11.

B.  The Court award punitive damages as permitted under the law;

C.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

D.  The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

E.  The Court award Plaintiff such other and further relief as the Court deems appropriate.

**[SPACE INTENTIONALLY LEFT BLANK]**

## DEMAND FOR JURY TRIAL

Plaintiff ORQUIDEA LOPEZ demand trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: October 15, 2021

**PEREGONZA THE ATTORNEYS, PLLC**
1414 NW 107th Ave,
Suite 302
Doral, FL 33172
Tel. (786) 650-0202
Fax. (786) 650-0200

By: /s/Nathaly Saavedra
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com